NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIJAN SHAKIB, individually and on behalf of all persons similarly situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>BACK BAY RESTAURANT GROUP, INC., CHARLES F. SARKIS, ROBERT CIAMPA, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10, :<br><br>Defendants. : | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No: 10-cv-4564(DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff's Motion for Conditional Certification of the Collective Action and Request for Expedited Court-Authorized Notice to Prospective FLSA Collective Action Members (ECF No. 20), and on Defendants' Cross Motion to Strike Plaintiff's Class Allegations (ECF No. 25). Pursuant to Rule 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's Motion is granted, that Defendants' Motion is granted, and that Plaintiff is granted leave to amend his Complaint.

## I.      BACKGROUND

This matter involves a restaurant group's alleged decision, policy, or plan to not pay service employees all wages owed, including overtime, in violation of Federal and New Jersey Law. (Compl. ¶ 1; ECF No. 1). Plaintiff is Bijan Shakib, a former employee of Defendants, suing on

behalf of himself and all others similarly situated.  (Compl. ¶¶ 2-3).  Defendants are Back Bay Restaurant Group ("BBRG"), Charles F. Sarkis ("Sarkis"), Robert Ciampa ("Ciampa"), currently unknown employees of BBRG, and currently unknown affiliated corporations of BBRG (collectively, "Defendants").  (Compl. ¶¶ 4-9).  Sarkis is the founder, Chief Executive Officer, and majority shareholder of BBRG.  (Compl. ¶ 6).  Ciampa is the Chief Financial Officer and Vice-President of BBRG.  (Compl. ¶ 7).  Plaintiff initially alleged violation of the Fair Labor Standards Act, violation of the New Jersey Wage and Hour Law, breach of implied contract, breach of the covenant of good faith and fair dealing, unjust enrichment, a federal law retaliation claim, and a New Jersey retaliation claim.  (Compl. ¶¶ 91-151).[1]

Pursuant to a Pretrial Scheduling Order, discovery commenced on January 5, 2011, and remains open until January 5, 2012.  (ECF No. 14).  Before the Court now is Plaintiff's Motion for Conditional Certification of a Collective Action and Request for Expedited Court-Authorized Notice to Prospective FLSA Collective Action Members.  Defendants have Cross Moved to Strike Plaintiff's Class Allegations.  Defendants have also objected to Plaintiff's Proposed Notice and Consent Forms.

## II.       STANDARD OF REVIEW

The Fair Labor Standards Act ("FLSA") governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week.  29 U.S.C.

---

[1] On September 30, 2011, this Court issued an Order and Opinion dismissing Plaintiff's claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and retaliation under New Jersey law.  (ECF No. 35, 36).

§§ 202, 207.  The Act provides a mechanism that allows groups of such employees to proceed together to seek recovery for violations of the act.  Section 216(b) specifically provides: "[a]n action to recover . . . liability may be maintained against any employer . . . by one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  This provision allows a group of employees to proceed in a collective action, which enables them to pool their resources to "vindicate their rights" at lower cost.  Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1985).

District courts have discretion in prescribing the terms of notice of communication from the named plaintiffs to potential class members on whose behalf the action was filed.  See id at 169. In order for a collective action to proceed under §216(b): (1) named plaintiffs must show that potential class members are "similarly situated" and (2) members must affirmatively opt-in.  See Armstrong v. Weichert Realtors, No. 05-3120, 2006 U.S. Dist. LEXIS 31351 at *2 (D.N.J. May 19, 2006).

Although the FLSA does not define "similarly situated," courts in the United States Court of Appeals for the Third Circuit employ a two-step approach: a notice and conditional certification stage, and a final certification or decertification stage.  First, the court determines whether potential class members are similarly situated and should be given notice of the action.  See Herring v. Hewitt Assocs., Inc., No. 06-267, 2007 U.S. Dist. LEXIS 53278 at *6-7 (D.N.J. July 27, 2007) (citing Morisky v. Public Service Elec. & Gas Co., 111 F.Supp.2d 493, 497 (D.N.J. 2000).  At this stage, the court usually only has evidence before it in the form of pleadings and affidavits, so the court uses

a fairly lenient standard to determine whether potential collective action members are similarly situated and the court's determination "typically results in conditional certification of a representative class." Id. at *7. Plaintiffs must show a "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Herring, 2007 U.S. Dist. LEXIS 53278 at *13 (citing Aquilino v. The Home Depot, Inc., No. 04-4100, 2006 U.S. Dist. LEXIS 66084, at *5 (D.N.J. Sept. 6, 2006)). The merits of the plaintiff's claim need not be evaluated and discovery need not be completed in order for such notice to be granted and disseminated. Id. at * 14 (citing Aquilino, 2006 U.S. Dist. Lexis 66084 at *5). Even if the Court conditionally certifies and provides notice to potential plaintiffs, "there is nothing to prevent a court from 'modifying or reversing a decision on similar situations at a later time in the action, as new facts emerge.'" Id. at *12 (internal quotation marks omitted) (citing Sperling v. Hoffman-LaRoche, 118 F.R.D. 392, 407 (D.N.J. 1988).

At the second stage, after the court has more evidence and is ready for trial, it will apply a stricter standard. See Morisky, 111 F. Supp. 2d at 497. If the court finds that the plaintiffs are similarly situated, it will make a final decision to proceed as a class action. Id.

## III.     DISCUSSION

A. Plaintiff's Motion for Conditional Certification of the Collective Action

Plaintiff argues that the Complaint and Affidavits of other BBRG employees demonstrate that they were similarly situated employees who were victims of Defendants' decision, policy, or plan to not pay employees for all hours worked in violation of the FLSA. (Pl.'s Br. 5) (ECF No. 21). Plaintiff states that the Complaint and Affidavits demonstrate "a factual nexus between Plaintiff's

situation and the situation of other BBRG employees . . . sufficient to show they were similarly situated." (Pl.'s Br. 5).  Defendants oppose Plaintiff's Motion on a number of grounds.  Defendants argue (1) BBRG's policy and practice to pay employees for all hours work is fatal to Plaintiff's Motion; (2) Plaintiff's proposed class is over-broad; (3) Plaintiff has failed to establish an inference that putative class members are similarly situated to him; (4) that the affidavits filed by Plaintiff should be stricken; and (5) that Plaintiff has failed to show other individuals' desire to opt into this action.

For this stage in the proceedings, Plaintiff has set forth, both in the Complaint and in numerous affidavits, sufficient evidence of a common plan or scheme to not pay employees for all hours worked.  Plaintiff has alleged that Defendants required him to work extra hours performing set-up and pre-service work "off the clock" for which he was not paid, "shaved" overtime hours off his paycheck, and had an unwritten policy of generally discouraging overtime pay for employees. (Compl. ¶¶ 22, 39, 47).  Plaintiff has also alleged that a number of other servers, bartenders, hosts, hostesses, and trainers worked under similar conditions.  In support of this contention, Plaintiff has submitted sixteen affidavits of former BBRG employees, each claiming that Defendants in some way enforced a policy of not paying them for all hours worked.[2]  This presentation by Plaintiff sufficiently demonstrates a "factual nexus" between his situation and the situation of other current and former BBRG employees, showing that they are "similarly situated" for purposes of Section

---

[2] For example, Plaintiff submitted the Affidavit of Yuliya Chumak, who stated "I have never been paid for the hours I worked off-the-clock as a Server [at a BBRG restaurant]." (Chumak Aff.; ECF No. 21-1 Ex. D).  Christa Butler claims "Throughout the entirety of my employment as a Server [at a BBRG restaurant], in addition to not being paid overtime wages for the hours I worked in excess of forty (40) hours per work-week, I was not paid any wages for work I had performed off-the-clock."  (Butler Aff.; ECF No. 21-1 Ex. E).

216(b) of the FLSA.  See, e.g., Purnamasidi v. Ichiban Japanese Rest., 10-1549, 2010 U.S. Dist. LEXIS 101281 at *9-10 (Sept. 24, 2010) (DMC) (granting motion to conditionally certify class where plaintiff presented only his own statement, an assertion that there were at least twenty five other similarly situated persons, and the affidavit of only one other waiter expressing an interest to opt in).

       Defendants' various arguments attacking the merits of Plaintiff's case, the structure of Plaintiff's proposed class, or the admissibility of Plaintiff's affidavits do not vitiate Plaintiff's showing.  The contention that Defendants properly implemented their written policy of paying all employees for all hours worked does not defeat Plaintiff's Motion.  Defendants state that courts "generally deny" conditional certification when such a showing has been made, since this Court would be required to conduct an individual analysis of each potential class member's claim . (Defs.' Br. 11; ECF No. 25-1).  Defendants have not demonstrated any proper basis in case law to support this contention.  Defendants cite to White v. Osmose, Inc. for the proposition that actual payment of some overtime by a defendant makes it likely that claims will require specific, individualized proof as to hours that the defendant refused to pay.  (Def.'s Br. 10-11) (citing White, 204 F.Supp.2d 1309, 1318 (M.D.Ala. 2002)).  The court in White went on to note, however, that this was an issue for damages, not liability (which was an "open question" more properly addressed at a later stage in the proceedings), and thus granted conditional certification of the class.  204 F.Supp.2d at 1318. Defendants also cite to Williams v. Accredited Home Lenders, Inc. for this same point.  (Defs.' Br. 11) (citing Williams, No. 1:05-CV-1681, 2006 U.S. Dist. LEXIS 50653 at *14 (N.D.Ga. July 25, 2006) (TWT).  Williams, however, applied the second stage of the certification analysis, which is not currently at issue in this case.  2006 U.S. Dist. LEXIS 50653 at *11-12.  Simply put, arguments

concerning actual payment of overtime hours or the existence of a written policy to do so go to the

merits of a case, and are thus inapplicable at this stage of the litigation.  See, e.g., Anyere v. Wells

Fargo, Co., No. 09 -2769, 2010 U.S. Dist. LEXIS 35599 at *9 (N.D. Ill. Apr. 12, 2010) ("Arguments

related to [defendants'] written policy and plaintiffs being automatically paid for all overtime worked

go to the merits and are not appropriately considered at this stage.") (citing Russell v. Ill. Bell Tel.

Co., 575 F. Supp. 2d 930, 935 (N.D. Ill. 2008)).[3]

      Defendants also argue that Plaintiff's proposed class is overly broad and seeks to include

individuals who are not "similarly situated," whether because of different job functions and titles,

or because of the number of hours worked in a given week.  (Defs' Br. 15).  These supposed

differences between the putative class members are too minimal to affect Plaintiff's case at this stage

of the litigation.   The fact that some potential class members were servers and others hosts,

bartenders or trainers, or that some were paid in a different manner than others, does not change the

fact that Plaintiff has sufficiently alleged, and set forth sufficient facts in the Affidavits presented to

this Court, that he and the other putative class members were victims of the same alleged scheme.

See, e.g., Sanchez v. La Cocina Mexicana, Inc., 09 Civ. 9072, 2010 U.S. Dist. LEXIS 66095 at *3-4

(S.D.N.Y. July 1, 2010) (SAS) ("Plaintiff . . . was a cook . . . paid differently from the others, who

---

[3] Even if this Court were to consider Defendants' arguments on the merits for this issue,
they would be insufficient.  While Defendants have demonstrated that large amounts of wages
and overtime have been paid to numerous employees, this at best demonstrates that some
employees were paid some overtime wages.  The fact that large sums of money were paid out
does not, however, demonstrate that all employees were paid all wages due.  See, e.g., Anyere,
2010 U.S. Dist. LEXIS 35599 at *12 ("Plaintiffs . . .maintain that, while they did receive
payment for some overtime worked, the payroll records do not accurately reflect hours they
worked but did not record.  Thus, the information furnished by defendants does not conclusively
establish that plaintiffs are not similarly situated or that other current or former employees were
not subject to the policy alleged to exist regarding overtime.")

were waiters and bartenders.  But even though 'there may be some differences in the calculation of damages . . . those differences are not sufficient to preclude joining the claims in one action.'") (citing Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353 (S.D.N.Y. 1999).  Plaintiff has thus proposed class of similarly situated individuals that is not overly broad.

Defendants have also objected to some of the evidence presented to this Court by Plaintiff, arguing that the evidence should be either stricken or discounted.  Defendants challenge several of the Affidavits presented by Plaintiff, on the grounds that they were not produced during discovery as required, that they rely on claims that are time barred, and that they rely on misstatements of the law and on hearsay.  (Defs' Br. 31-35).  Defendants' argument that the Affidavits were not produced during discovery does not convince this Court that it cannot consider the Affidavits.  At this stage in the litigation, the Court is only looking for minimal evidentiary showings from the parties.  Defendants will have ample opportunity to conduct further discovery and depose witnesses before the second stage of our inquiry.  See, e.g., Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 58 (S.D.N.Y. 2009) ("Defendants will have the opportunity to take the declarants' depositions and can move to de-certify the class if there is a basis to do so at a later stage.")  For the same reason, the Court will not reach Defendants' arguments that the affidavits rely on time barred claims, misstatements of the law, or hearsay.

Defendants also contend that Plaintiff has not indicated that any other potential plaintiffs wish to join this lawsuit.  Plaintiff has submitted sixteen Affidavits of allegedly aggrieved current or former employees of BBRG.  These Affidavits sufficiently demonstrate an interest by other potential plaintiffs to join, even at this early stage of the litigation.

Defendants have also contested Plaintiff's status as an adequate class representative.

Defendants argue that Plaintiff is not an adequate representative because Plaintiff was employed by a BBRG restaurant for only eight months, his employment ended over two years ago, he was only employed in one BBRG restaurant, he has individual claims that predominate, and that he has ulterior financial motives that may conflict with the litigation. (Defs.' Br. 29-30). These arguments are not persuasive. Defendants cite no case law to support its contention that Plaintiff is not an adequate representative due to the duration, timing, and location of his employment, or due to his alleged ulterior motives. Nor, for that matter, do Defendants suggest what those ulterior motives might be. With regards to the individual claims that would predominate, this Court has already dismissed several in an Opinion and Order dated September 30, 2011, leaving only Plaintiff's claim for unlawful retaliation under the FLSA as an individual claim. (ECF No. 35, 36). The Court has no reason to expect, at this point, that Plaintiff's claim for unlawful retaliation under the FLSA would hinder his ability to pursue the collective aspects of this case. Further, the parties will have the opportunity to raise these arguments before the Court once they have completed fact discovery. Therefore, at this time, given the information and arguments presented to the Court, it would be improper to determine that Plaintiff is not an adequate class representative.

Plaintiff has met his burden of setting forth a "modest factual showing" that his position is similar to that of other employees, and that the employees were victims of a common policy or scheme of the employer to not pay them all wages due. Plaintiff's Motion for Conditional Certification of a Collective Action is therefore granted.

B. Defendants' Cross Motion Strike Plaintiff's Class Allegations

Defendants contend that Plaintiff's State law class action claim, pursued as a Rule 23

class action claim, is inherently incompatible with Plaintiff's FLSA collective action claim.  (Defs.' Br. 37).  Defendants state that whereas FLSA claims proceed under an "opt-in" scheme under which putative class members must affirmatively assert their desire to enter the case, Rule 23 class action claims proceed under an "opt-out" scheme, in which all putative class members are automatically included unless they affirmatively state otherwise.  (Defs.' Br. 38).  Defendants argue that bringing opt-out class members into federal court would circumvent the opt-in requirement of the FLSA.  (Defs.' Br. 38).  A number of courts have refused to decline jurisdiction over state law class action claims when analyzed through the rubric of supplemental jurisdiction.  See, e.g., Herring v. Hewitt Assocs., Inc., No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *5-6 (D.N.J. Aug. 11, 2006) (GEB); Evancho v. Sanofi-Aventis U.S. Inc., No. 07-2266 2007 U.S. Dist. LEXIS 93215 at *16-17 (D.N.J. Dec. 19, 2007) (MLC).  In response, Plaintiff argues that he invokes this Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d) ("CAFA"), and not supplemental jurisdiction.  (Pl.'s Br. 33).  Plaintiff's Complaint, however, plainly states that this Court "has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as the state law claims are so related to the federal claims that they derive from a common nucleus of operative facts and form the same case or controversy."  (Compl. ¶ 12).  The Court will therefore grant Defendants' Motion to Strike.  The Court will, however, grant Plaintiff leave to amend its Complaint, if he so chooses.  The Court will not address Plaintiff's arguments for assertion of jurisdiction under CAFA, or whether Plaintiff could meet the significant amount in controversy and diversity requirements that CAFA imposes, unless Plaintiff properly pleads such jurisdiction.

C. Proposed Notice and Consent Forms

      Defendants have objected to Plaintiff's proposed notice and consent forms, arguing "(1) the form of the notice letter is inappropriate and inaccurate; and (2) the consent form is misleading and deficient." (Defs. Br. 40). Specifically, Defendants argue that the applicable time period in the notice is incorrect, the notice fails to present Defendants' description of the lawsuit, and generally "portrays the case as a free chance at money for any of Defendants' employees." (Defs.' Br. 41). Further, Defendants take issue with the length of the notice period (150 days), and the fact that the notice fails to inform putative class members of their discovery obligations. (Defs.' Br. 41).

      This Court possess broad discretion to provide court-facilitated notice. See Hoffman-La Roche, 493 U.S. at 170. The Court finds Defendants' arguments on this matter unpersuasive, and approves the attached "Notice of Lawsuit" and "Consent to Join" forms, which may be directed to current and former employees of BBRG who were paid on an hourly basis, including servers, bartenders, trainers, hosts/hostesses, bussers, food runners, dishwashers and kitchen staff, who worked at a BBRG restaurant any time between September 7, 2007 and the current date. Plaintiff's proposed opt-in period, however, is unnecessarily long. Plaintiff is therefore instructed to modify his proposed forms to include an opt-in period of 120 days.[4]

      Finally, the Court directs Defendants to release only the names and last known addresses for current and former BBRG employees within the proposed class during the above time frame. Generally, first class mail is sufficient to place putative class members on notice of a collective

---

[4] While the Court recognizes that Plaintiff's proposed class is potentially quite large, it sees no reason why Plaintiff's opt-in period should be any greater than the longest permitted by cases from this District cited in Plaintiff's papers, Garcia v. Freedom Mortg. Corp., No. 09–2668, 2009 WL 3754070 (D.N.J. Nov. 02, 2009) (JEI).

-11-

action. See Anglada v. Linens 'N Things, Inc., Civ. No. 06-12901, 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007).  The Court will not consider the release of social security numbers and telephone numbers unless notification via first class mail proves insufficient  See Campbell v. PriceWaterhouseCoopers, LLP, Civ. No. S-06-2376, 2008 WL 2345035, at *3 (E.D. Cal. June 05, 2008).


IV.      **CONCLUSION**

        The Court conditionally certifies the class, approves the notice prepared by Plaintiff with the Court-modified opt-in period, and requires the Defendants to produce contact information for prospective class members.  Plaintiff's state law class action claim, Count II of the Complaint, is stricken.  Plaintiff is granted leave to amend.  An appropriate Order accompanies this Opinion.


                                        S/ Dennis M. Cavanaugh
                                        Dennis M. Cavanaugh, U.S.D.J.

Date:           October  26 , 2011
Orig.:          Clerk
cc:             All Counsel of Record
                Hon. Joseph A. Dickson, U.S.M.J.
                File